## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>RANDY J. SPENCER,<br><br>        Debtor. | Case No. 24-10166-JCM<br><br>Chapter 13 |
| COMMONWEALTH OF PENNSYLVANIA,<br>DEPARTMENT OF REVENUE,<br><br>        Movant,<br><br>  v.<br><br>RANDY J. SPENCER,<br><br>        Respondent. | Conciliation Date:  June 17, 2024<br>Conciliation Time:  3:00pm<br><br><br>Related to Doc. No. 23 |

## <u>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN DATED MAY 7, 2024</u>

The Commonwealth of Pennsylvania, Department of Revenue, by and through its counsel, Allison L. Carr, Senior Deputy Attorney General, Pennsylvania Office of Attorney General, files the within Objection to Confirmation of Chapter 13 Plan Dated May 7, 2024 (the "<u>Objection</u>"), and in support thereof, states as follows:

### <u>Parties</u>

1.      Movant is the Pennsylvania Department of Revenue, an agency of the Commonwealth of Pennsylvania ("<u>Revenue</u>").

2.      The Respondent is the within Debtor, Randy J. Spencer (the "<u>Debtor</u>").

### <u>Jurisdiction and Venue</u>

3.      This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1334(b).  This is a core proceeding pursuant to 28 U.S.C. §§ 151, 157(b)(2)(L).

4.      Venue is proper pursuant to 28 U.S.C. § 1409(a).

## Background

5.      On March 26, 2024 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") at Case No. 24-10166-JCM (the "Bankruptcy Case").

6.      On March 28, 2024, Revenue filed its Proof of Claim for unpaid personal income tax in the amount of $62,660.63, of which $62,387.05 is a secured claim pursuant to 11 U.S.C. § 506(a)(1) and $273.58 is a general unsecured claim.  *See* POC 1-1.

7.      On May 7, 2024, the Debtor filed his Chapter 13 Plan Dated May 7, 2024 (the "Plan").  *See* Doc No. 23.

8.      As of the filing of this Objection, no party in interest has objected to any portion of Revenue's Proof of Claim.  Revenue's Proof of Claim is therefore deemed allowed pursuant to 11 U.S.C. § 502(a).  As the holder of an allowed claim, Revenue is a creditor and party in interest with standing to object to the Plan pursuant to 11 U.S.C. § 1324(a).

## Objection

**A.  The Plan cannot be confirmed because the Debtor has failed to file tax returns.**

9.      The Debtor has failed to file Pennsylvania personal income tax returns for tax years 2019, 2020, 2021, 2022, and 2023 as required by 11 U.S.C. § 1308(a).

10.     The Debtor's failure to comply with section 1308 of the Bankruptcy Code renders the Plan not confirmable pursuant to 11 U.S.C. § 1325(a)(9).

11.     Revenue cannot determine what, if any, additional tax liability may be imposed upon the Debtor for both pre- and post-petition obligations without the filing of the actual returns.

**B.  The Plan cannot be confirmed because it fails to provide for Revenue's secured claim.**

12.     The Plan omits Revenue's secured claim and therefore fails to provide for full payment of Revenue's secured claim, making the Plan not confirmable pursuant to 11 U.S.C. § 1325(a)(5).

13.     Revenue objects to the Plan pursuant to 11 U.S.C. § 1325(a)(5)(B)(i) because it does not provide for Revenue to retain its lien against the property securing Revenue's claim until payment of the underlying debt as determined under nonbankruptcy law or until discharge under section 1328 of the Bankruptcy Code, whichever occurs earlier.

14.     Revenue objects to the Plan pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii) because it does not provide equal monthly payments nor does the Plan provide adequate protection to Revenue for its secured claim.

15.     Revenue further objects to the Plan pursuant to 11 U.S.C. § 1325(a)(5) because the Plan fails to provide for payment of the statutory interest rate on Revenue's secured claim.

16.     Revenue is entitled to the payment of interest in order to receive the present value of the allowed amount of its secured tax claim.  The rate of interest must be determined by reference to the "applicable nonbankruptcy law."  11 U.S.C. § 511(a).

17.     Under Pennsylvania law, the interest rate owed on a state tax is the interest rate established by the Secretary of the Treasury of the United States pursuant to 26 U.S.C. § 6621. 72 PA. STAT. § 806.  Such rate remains in effect for the entire calendar year without regard to intervening changes in the federal interest rate.  *Ibid*.  The current applicable interest rate for Revenue's secured claim is eight percent (8%).

18.     Revenue does not consent to the treatment of its secured tax claim proposed by the Debtor in the Plan.

WHEREFORE, the Commonwealth of Pennsylvania, Department of Revenue respectfully requests that this Honorable Court (a) deny confirmation of the Debtor's Chapter 13 Plan Dated May 7, 2024, and (b) grant such other and further relief as this Court deems just and proper.

DATE:  May 22, 2024                     Respectfully submitted,

                                        MICHELLE A. HENRY
                                        ATTORNEY GENERAL

COMMONWEALTH OF PENNSYLVANIA    By:    _/s/ Allison L. Carr_____
OFFICE OF ATTORNEY GENERAL      ALLISON L. CARR
1251 Waterfront Place           Senior Deputy Attorney General
Mezzanine Level                 PA ID No. 203815
Pittsburgh, PA 15222
T: (412) 339 – 2308             MELISSA L. VAN ECK
F: (717) 772 – 4526             Chief Deputy Attorney General
E-mail:  ACarr@attorneygeneral.gov   Financial Enforcement Section