**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Randy J. Spencer, ) | Bankruptcy No.: 24-10166-JCM |
| ) | |
| Debtor. ) | Chapter 13 |
| _____ ) | |
| ) | |
| Township of Cranberry, ) | Document No. |
| ) | |
| Movant, ) | Related to Document No.: 44 |
| ) | |
| v. ) | |
| ) | **Hearing Date and Time:** |
| Randy J. Spencer, ) | July 16, 2024, at 10:30 a.m. |
| ) | |
| Respondent. ) | |

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

AND NOW, comes the Debtor, Randy J. Spencer ("Debtor"), by and through his counsel Brian C. Thompson, Esquire, Thompson Law Group, P.C. files the within Response to Movant's Motion for Relief from the Automatic Stay, and avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. Debtor contends has moved the motor vehicles from the 4110 Deep Hollow Road, Franklin, Pennsylvania 16232 property in compliance with the Property Maintenance Code.

10. Admitted in part. Debtor is currently unsure of the exact distance of the Creek from the property, and from which point of the property Movant is referencing.

11. Admitted.

12. Admitted.

13. Debtor is currently without sufficient information to admit or deny Paragraph 13; therefore, it is denied, and strict proof thereof is demanded.

14. Debtor is currently without sufficient information to admit or deny Paragraph 14; therefore, it is denied, and strict proof thereof is demanded.

15. Debtor is currently without sufficient information to admit or deny Paragraph 15; therefore, it is denied, and strict proof thereof is demanded.

16. Debtor is currently without sufficient information to admit or deny Paragraph 16; therefore, it is denied, and strict proof thereof is demanded.

17. Debtor is currently without sufficient information to admit or deny Paragraph 17; therefore, it is denied, and strict proof thereof is demanded.

18. Debtor is currently without sufficient information to admit or deny Paragraph 18; therefore, it is denied, and strict proof thereof is demanded.

19. Debtor is currently without sufficient information to admit or deny Paragraph 19; therefore, it is denied, and strict proof thereof is demanded.

20. Admitted.

21. Admitted in part to the extent that Movant is summarizing and/or paraphrasing the allegations from the Complaint.

22. Admitted.

23. No response is required as the document speaks for itself.

24. Admitted.

25. Admitted.

26. No response is required as the document speaks for itself.

27. Denied in part. Debtor asserts that he is in compliance with the Order that Movants seeks relief to enforce.

28. No response is required as the document speaks for itself.

29. No response is required as the document speaks for itself.

30. Denied in part. Debtor asserts that he is in compliance with the only applicable Order that Movants seeks relief to enforce.

31. No response is required as the document speaks for itself.

32. Admitted in part. Debtor has removed the motor vehicles from the property.

33. Denied. Debtor is unable to ascertain the time frame and context of the allegations in paragraph 33 of the Motion. As a result, Debtor is currently without sufficient information to admit or deny Paragraph 33;

34. Denied. See response to paragraph 33.

35. Denied. See response to paragraph 33. Strict proof is demanded.

36. Debtor is currently without sufficient information to admit or deny Paragraph 19; therefore, it is denied, and strict proof thereof is demanded.

37. Admitted.

38. Admitted.

39. No response is required as the document speaks for itself.

40. Admitted.

41. Denied. Debtor was, and continues to be, in need of bankruptcy relief to deal with multiple creditors and alleged debt obligations. Nevertheless, the automatic stay is intended to protect a debtor's assets and preserve the bankruptcy estate and place a pause on costly litigation.

42. Denied. Debtor contends that he is in compliance with the operable Order for which Movant seeks relief to enforce, and therefore, there is no need for relief to be granted. Additionally, Debtor denies the assertion that he blatantly disregarded multiple Court Orders, as characterized.

43. Paragraph 43 appears to be a conclusion of law to which no response is required.

44. Paragraph 44 appears to be a conclusion of law to which no response is required.

45. Paragraph 45 appears to be a conclusion of law to which no response is required.

46. Admitted.

47  Denied. To the extent that the allegations in paragraph 47 are related to the request for relief regarding the Order at issue, and not some other matter, Debtor contends that he is in compliance with the Order.

47. Denied. See response to paragraph 47.

48. Paragraph 45 appears to be a conclusion of law to which no response is required.

49. Debtor is currently without sufficient information to admit or deny Paragraph 19; therefore, it is denied, and strict proof thereof is demanded.

50. Admitted.

51. Admitted.

52. Admitted.

53. Denied. To the extent that the allegations in paragraph 53 are related to the request for relief regarding the Order at issue, and not some other matter, Debtor contends that he is in compliance with the Order.

54. Admitted.

55. Admitted.

56. Denied. To the extent that the allegations in paragraph 47 are related to the request for relief regarding the Order at issue, and not some other matter, Debtor contends that he is in compliance with the Order.

57. See response to paragraph 56. By way of further response, Debtor assets that he has been pursuing a junkyard license and while he has conditional approval, the responsible Zoning personnel will not authorize on a final basis, and he is currently seeking relief in the United States District Court for the Western District of Pennsylvania.

58. See response to paragraph 57.

59. No response is required as the document speaks for itself.

60. Admitted.

61. Admitted.

62. See response to paragraph 57.

63. See response to paragraph 57.

64. No response is required as the document speaks for itself.

65. Paragraph 65 is a conclusion of law and therefore no response is required.

66. Paragraph 66 is a recitation of law and therefore no response is required.

67. Paragraph 67 is a recitation of law and therefore no response is required.

68. Paragraph 68 is a recitation of law and therefore no response is required.

69. Paragraph 69 is a recitation of law and therefore no response is required.

70. Denied. Notwithstanding the volume of history and background between Movant and Debtor, Movant's request for relief is strictly related to enforcement of Injunction Order and whether Debtor is in compliance with that Order. Debtor contends that he is in compliance with the Order and that the motor vehicles are not located on the property as alleged. Therefore, relief from the automatic stay is not necessary and no cause for relief has been proven.

71. Denied. See response to paragraph 57.

72. Denied. See response to paragraph 57.

73. Denied. See responses to paragraphs 57 and 70.

74. Denied. See responses to paragraphs 57 and 70. By way of further response, Debtor would be harmed if relief is granted as Debtor will be forced to pay additional and unnecessary legal fees and costs, and as well as take off additional time for work at a time when he is attempting to reorganize his debts via this Chapter 13 bankruptcy filing.

75. Denied. See responses to paragraphs 41, 57 and 70.

76. Denied. See response to paragraph 70.

77. Denied. See response to paragraph 70.

78. Denied. See response to paragraph 70.

79. Denied. See responses to paragraphs 41, 57 and 70.

80. Denied. See response to paragraph 70.

81. Paragraph 81 is a conclusion of law for which no response is required. To the extent a response is required, the allegations contained in paragraph 81 are denied and strict proof is demanded.

82. See responses to paragraphs 57 and 70.

83. Denied. See response to paragraph 70.

84. Denied. See response to paragraph 70.

85. Denied. See response to paragraph 70.

86. Denied. See response to paragraph 70. By way of further response, the waiver of the 14-day appeal period is not supported in law or fact and should therefore be denied.

WHEREFORE, Debtor respectfully requests that this Honorable Court deny the Movant's Motion for Relief from the Automatic Stay.

Respectfully submitted,

Date: June 27, 2024

/s/ *Brian C. Thompson*
Brian C. Thompson, Esquire
Attorney for Debtor
PA I.D. No. 91197
THOMPSON LAW GROUP, P.C.
301 Smith Drive, Suite 6
Cranberry Township, PA 16066
(724) 799-8404 Telephone
(724) 799-8409 Facsimile
bthompson@thompsonattorney.com