IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 24-10166-JCM |
| | : | |
| RANDY JAY SPENCER, | : | Chapter 13 |
| | : | |
| Debtor. | : | Related to Doc. No. 72 |
| | : | |

### OBJECTION OF THE TOWNSHIP OF CRANBERRY
### TO DEBTOR'S AMENDED CHAPTER 13 PLAN DATED AUGUST 16, 2024

The Township of Cranberry (the "**Township**") files this Objection to Debtor's Amended Chapter 13 Plan dated August 16, 2024, and states as follows.

### BACKGROUND

1. The Debtor, Randy Jay Spencer (the "**Debtor**"), filed a petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), on March 26, 2024 (the "**Petition Date**").

2. The Township filed three secured proofs of claim on June 4, 2024, each in the amount of $96,118.91 (the "**Township Claims**"), evidencing three secured judgments obtained by the Township against the Debtor. [Claim Nos. 12, 13, and 14.]

3. On August 16, 2024, the Debtor filed his Amended Chapter 13 Plan dated August 16, 2024 (the "**Amended Plan**"). [Doc. No. 72.]

4. The Amended Plan fails to provide for any treatment of the Township Claims.

#### *Basis of the Township Claims*

5. The Township Claims arise from the Debtor's continued violations of the Codified Ordinances of the Township (the "**Zoning Code**") based upon his maintenance of a Junkyard on six properties that he owns. *See* Section 195-6(B) of the Zoning Code (defining a "Junkyard" as "Land or structure used for the collection, storage, processing and sale of scrap metal, scrapped,

abandoned or junked motor vehicles, machinery, equipment, wastepaper, glass, rags, containers and other discarded materials.  It shall not include, however, refuse or garbage kept in a proper container for the purpose of prompt disposal.").

6. On January 31, 2019, the Township's Zoning Officer sent Spencer six Enforcement Notices (the "**Zoning Notices**") that informed Spencer of his violation of the Zoning Code and of his right to appeal the Zoning Notices to the Township Zoning Hearing Board within 30 days of the date of the Zoning Notices.

7. Spencer neither corrected the Zoning Code violation nor appealed the Township's Zoning Notices within 30 days from the date of the Zoning Notices.

8. As a result of Spencer's continued failure to comply with the Township's Zoning Code and because he did not appeal the Zoning Notices to the Township's Zoning Hearing Board, on April 4, 2019, the Zoning Officer filed a civil complaint with respect to each of the six properties with Magisterial District Judge Patrick E. Lowrey seeking a civil judgment.

9. On May 16, 2019, the Magisterial District Judge heard each case and on May 20, 2019, entered judgments against Spencer and imposed fines and costs.

10. Spencer timely appealed to the State Court at Docket Nos. 703-2019, 705-2019, 706-2019, 707-2019, 708-2019, and 709-2019.

11. On appeal, the State Court conducted an evidentiary hearing, which was limited to a determination of the fine and costs.  The Township presented evidence that demonstrated that Spencer was properly served with the Zoning Notices and that he failed to appeal the Zoning Notices to the Township Zoning Hearing Board.

12. The State Court assessed fines of $500 and costs of $109.25 for each of the properties related to Docket Nos. 703-2019 and 706-2019 but reduced the fine that the magistrate

imposed for the properties at Docket Nos. 705-2019 and 709-2019, as well as Docket Nos. 707-2019 and 708-2019.  That is, the State Court concluded that the parcels at issue in Docket Nos. 703-2019 and 706-2019 were subject to one fine because they constituted one contiguous piece of land, and the same rationale applied to the properties at Docket Nos. 707-2019 and 708-2019.

13.	Spencer appealed the Order finding him liable of violating the Township's Zoning Code and imposing fines to the Commonwealth Court.  *Township of Cranberry v. Randy J. Spencer*, Docket No. 375 C.D. 2020 (Comm. Ct. 2021).

14.	On March 24, 2021, the Commonwealth Court affirmed the State Court's order.  *Id.*

15.	Despite the Commonwealth Court's ruling, Spencer failed to take any action to correct the Zoning Code violations originally cited on January 31, 2019.

16.	To collect fines for the continued violations for the days after the Commonwealth Court's March 24 decision, the Township filed civil complaints with Magisterial District Judge Lowrey on July 1, 2021.

17.	The Township sought fines of $500 per day for each day that Spencer had continued to violate the Zoning Code, plus court costs and attorneys' fees.

18.	On September 10, 2021, Judge Lowrey awarded a judgment to the Township for $12,000.00, plus costs.  On October 8, 2021, Spencer appealed Judge Lowrey's judgment for $12,331.25 to the State Court.

19.	In the meantime, Spencer remained in violation of the Township's Zoning Code because he continued to operate a Junkyard on the relevant Properties without a zoning permit.

20.	On March 14, 2022, the State Court conducted an evidentiary hearing and, following the presentation of evidence by both parties, on that same day, imposed fines against Spencer for his admitted continuing violations in the amount of $92,500 at each trial court case

number for an aggregate fine of $277,500, plus statutory post-judgment interest. *See Township of Cranberry v. Randy J. Spencer*, Court of Common Pleas of Venango County, at Docket Nos. 848-2021, 849-2021, and 850-2021.

21. Each $92,500 fine constitutes a judgment lien against all of Spencer's property situated in Venango County (the "**Judgment(s)**").

22. On or about June 7, 2022, Spencer appealed the State Court's award of the Judgments to the Commonwealth Court. *Township of Cranberry v. Randy J. Spencer*, Docket No. 570 C.D. 2022 (Comm. Ct. 2022).

23. On August 30, 2023, the Commonwealth Court affirmed the State Court's Order, and the Judgment of $92,500 in each of the three complaints, for a total of $277,500. *Id.*

24. As of the Petition date, all possible appeals of the Judgments have been exhausted, and the Judgments are final.

## OBJECTION TO AMENDED PLAN

25. The Township objects to the Amended Plan because it fails to provide for any treatment of the Township's Claims.

26. As a secured claimant, the Township is entitled to payment of each Township Claim in full, with interest accruing post-judgment at the statutory rate. 11 U.S.C. § 1325(a)(5).

27. Instead, the Amended Plan excludes the Township Claims in their entirety and provides no payment on account of the Township Claims to the Township, in violation of section 1325(a)(5) of the Bankruptcy Code.

28. Based upon the foregoing, the Township requests that any Order confirming the Debtor's Amended Plan provide for payment in full of the Township Claims, plus interest accruing at the statutory rate.

WHEREFORE, the Township of Cranbery respectfully requests that this Honorable Court issue an Order denying confirmation of the Debtor's Amended Chapter 13 Plan dated August 16, 2024, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 6, 2024

TUCKER ARENSBERG, P.C.

*/s/ Maribeth Thomas*
Maribeth Thomas, Esquire
PA ID No. 208376
Daniel C. Conlon, Esquire
PA ID No. 319956
1500 One PPG Place
Pittsburgh, PA 15222
Phone: (412) 566-1212
Fax: (412) 594-5619
mthomas@tuckerlaw.com
dconlon@tuckerlaw.com

*Counsel for Township of Cranberry*