**Fill in this information to identify the case:**

Debtor 1: Randy Jay Spencer

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Western District of Pennsylvania

Case number: 24-10166-JCM

## Official Form 410
# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Galaxy Federal Credit Union
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Mark G. Claypool, Esq.
Name
120 West 10th St.
Number   Street
Erie        PA      16501
City        State   ZIP Code

Contact phone (814) 459-2800
Contact email mclaypool@kmgslaw.com

Where should payments to the creditor be sent? (if different)

Galaxy Federal Credit Union
Name
1313 Liberty Street
Number   Street
Franklin    PA      16323
City        State   ZIP Code

Contact phone (814) 432-1207
Contact email dgpfohl@galaxyfcu.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing?

**EXHIBIT A**

Official Form 410                                                                              page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __4__ __0__ __8__ __1__

**7. How much is the claim?** $ 94,576.30 . Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned; Promissory Note

**9. Is all or part of the claim secured?**
☐ No
☒ Yes. The claim is secured by a lien on property.

Nature of property:
☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: APN: 08-001-073-000, Venango Co. Pennsylvania

Basis for perfection: Mortgage Recorded with the Venango Co. Recorder of Deeds at Book 0467, Page 0351, Instrument No. 2007-006607 on October 4, 2007

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ Unknown
Amount of the claim that is secured: $ 94,576.30 Note: Motgage matured 9/1/22, therefore the entire balance is due

Amount of the claim that is unsecured: $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) 9.75 %
☒ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes. Identify the property: _____

Official Form 410 — Proof of Claim — page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No <br> ☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  5/8/2024
                  MM / DD / YYYY

/s/Mark G. Claypool
Signature

Print the name of the person who is completing and signing this claim:

Name: Mark G. Claypool, Esq.
      First name    Middle name    Last name

Title: Counsel for Creditor

Company: Knox McLaughlin Gornall & Sennett, P.C.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 120 West 10th St.
         Number    Street
         Erie              PA        16501
         City              State     ZIP Code

Contact phone: (814) 459-2800    Email: mclaypool@kmgslaw.com

Official Form 410                    Proof of Claim                    page 3

```
05/06/24                    LOAN PAYOFF CALCULATION                         PAGE:  1
                                 (ESTIMATED)


ACCOUNT:          SUFFIX: C, MEMBER NAME: SPENCER, RANDY J           TELLER: DGP


                                          CURRENT BALANCE:     92913.40


                       ************ PAYOFF *************


PMT DATE  PMT AMOUNT  INTEREST  PRINCIPAL  FEES DUE        DAILY INT    BALANCE
--------  ----------  --------  ---------  --------        ---------    --------

05-06-24    94576.30   1662.90   92913.40       .00          24.8193        .00

                           ********** END OF REPORT *********
```

| Galaxy Federal Credit Union | | CLOSED-END NOTE, DISCLOSURE, |
|---|---|---|
| 1313 Liberty Street | | LOAN AND SECURITY AGREEMENTS |
| Franklin, Pennsylvania 16323 | | |
| (814) 432-1207 | | |
| www.galaxyfcu.com | | |

| DATE OF LOAN | LOAN MATURITY DATE | LOAN OFFICER |
|---|---|---|
| 08/31/07 | 09/01/22 | JKS |

| BORROWER | 166 GARDEN LN | LOAN NUMBER | BORROWER'S SOCIAL SECURITY NO. |
|---|---|---|---|
| RANDY J SPENCER | | C | .595 |
| | FRANKLIN PA | BORROWER'S ACCOUNT NUMBER | BORROWER'S DATE OF BIRTH |
| CO-BORROWER | | | |
| | | CO-BORROWER'S ACCOUNT NUMBER | CO-BORROWER'S DATE OF BIRTH |
| | | | 0-00-0000 |

| ANNUAL PERCENTAGE RATE: The cost of your credit as a yearly rate. | FINANCE CHARGE: The dollar amount the credit will cost you. | Amount Financed: The amount of credit provided to you or on your behalf. | Total of Payments: The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.750 % | $ 84993.12 | $ 93600.00 | $ 178593.12 |

Your payment schedule will be:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 179 | $ 992.20 | MONTHLY   Beginning   10/01/07 |
| 1 | $ 989.32 | 09/01/22 |

Security: You are giving a security interest in:   [X] The goods or property being purchased.   [X] Other, Describe: LAND ONLY
Collateral for other loans will also secure this loan.   [X] Your shares and/or deposits in the credit union

| Late Charges: If a payment is late by 10 days or more, you will be charged 5% of the payment due with a minimum of $2.50 and a maximum of $5.00. | Property Insurance: You may obtain property insurance from anyone you want that is acceptable to the credit union. | Required Deposit Balance: The Annual Percentage Rate does not take into account your required deposit balance. | Filing Fees: $ N/A |
|---|---|---|---|

Prepayment: If you pay off early, you will not have to pay a penalty. "e" means estimate.   See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

| ITEMIZATION OF AMOUNT FINANCED OF | $ 93600.00 | Amount Paid to Others on Your Behalf (Describe) | | |
|---|---|---|---|---|
| AMOUNT GIVEN TO YOU DIRECTLY | $ 93,600.00 | TO MINNESOTA MUTUAL LIFE INSURANCE CO. | FIRST NATIONAL | CLERK OF COURTS |
| AMOUNT PAID ON YOUR ACCOUNT | $ 0.00 | $ 0.00 | $ 72,863.96 | $ 6,037.00 | $ 0.00 |
| PREPAID FINANCE CHARGE | $ N/A | | | |

### SECURITY INFORMATION

| MOTOR VEHICLES: | YEAR | MAKE | MODEL | BODY TYPE | SERIAL NUMBER |
|---|---|---|---|---|---|
| | | | | | |

| SHARES PLEDGED: | ACCOUNT NUMBER | AMOUNT $ 50.00 | ACCOUNT NUMBER | AMOUNT $ 0.00 |
|---|---|---|---|---|

| OTHER COLLATERAL: | LAND ONLY |
|---|---|

### LOAN SIGNATURES

I agree that the terms and conditions in the disclosure statement and the loan and security agreements located on pages 3 and 4 of this document shall apply to this loan. If there is more than one borrower, we agree that all the conditions of the loan and security agreements governing this loan shall apply to both jointly and severally. I acknowledge that I have received a copy of the loan and security agreements and disclosure statement. If I have applied for voluntary credit insurance, I acknowledge receipt of the credit insurance Application and Certificate. If I purchase voluntary credit insurance or other products in connection with this loan, I understand that a portion of the premium or fee I pay will be retained by the credit union (or paid back to the credit union by the service provider) as compensation for making these services available to me.

Negative Information Notice: You may report information about my account to credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit report.

| BORROWER'S SIGNATURE X _Randy J Spencer_ | DATE 8/31/07 | WITNESS X _signature_ | DATE 8/31/07 |
|---|---|---|---|
| ☐ CO-BORROWER ☐ *OTHER OWNER ☐ **GUARANTOR X | DATE | WITNESS X | DATE |
| ☐ CO-BORROWER ☐ *OTHER OWNER ☐ **GUARANTOR X | DATE | WITNESS X | DATE |
| ☐ CO-BORROWER ☐ *OTHER OWNER ☐ **GUARANTOR X | DATE | WITNESS X | DATE |
| ☐ CO-BORROWER ☐ *OTHER OWNER ☐ **GUARANTOR X | DATE | WITNESS X | DATE |

*OTHER OWNER: Any person who has a property interest (other than as a renter or lessor) in the above described collateral signs here. The other owner, unless also a co-borrower, is not obligated to pay the debt, but understands that the credit union has a security interest in the collateral as explained in the Security Agreement. **GUARANTOR: Upon default, the credit union may seek immediate payment from the guarantor of any and all sums due on the loan. The guarantor waives all notice to which he or she would otherwise be entitled by law.

| BORROWER'S NAME | LOAN NUMBER | ACCOUNT NUMBER | DATE OF LOAN |
|---|---|---|---|
| RANDY J SPENCER | C | | 08/31/07 |

## APPLICATION FOR GROUP CREDIT INSURANCE
Minnesota Life Insurance Company, 400 Robert Street North, St. Paul, MN 55101-2098

I (we) are applying for the credit insurance coverage(s) selected below and agree to pay the required premium. I (we) understand that fees may be paid by the insurer in connection with this coverage to the Creditor. I (we) understand that the purchase of this insurance is **voluntary and not required** in order to obtain credit, and that I (we) may terminate it at any time. I (we) understand that if joint life insurance is selected, we must be jointly and individually liable under the loan, and that co-signers and guarantors are not eligible for insurance.

The following questions, 1 and 2, must be answered to determine my (our) eligibility for insurance:

|   | APPLICANT YES | APPLICANT NO | CO-APPLICANT YES | CO-APPLICANT NO |
|---|---|---|---|---|
| 1. (Applicable to life insurance coverage only) Will you be under age 70 on the scheduled maturity date of your loan? | ☐ | ☐ | ☐ | ☐ |
| 2. (Applicable to disability coverage only) Will you be under age 66 on the scheduled maturity date AND are you presently working outside your home for wages or profit for 30 hours or more per week and have been so working for 30 days or more before this date? | ☐ | ☐ | ☐ | ☐ |

In addition, if your loan exceeds $ __1.00__ the following question must also be answered in order to determine eligibility.

| 3. During the last two years, have you been medically advised of or treated for: cancer, heart attack or coronary artery disease, stroke, cirrhosis, Acquired Immune Deficiency Syndrome (AIDS) or AIDS Related Complex (ARC)? | ☐ | ☐ | ☐ | ☐ |

My (our) answers to the above questions are true to the best of my (our) knowledge and belief. If my co-applicant or I answer No to question 1 or 2, we understand that this person is not eligible for insurance and will not be insured. If my co-applicant or I answer Yes to question 3, we understand that we are eligible for insurance up to an amount not exceeding $ __1.00__ . The effective date of my (our) insurance will be the date of this application. Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties. Do not sign this application if any applicable spaces are blank, This application will not be used in a contest if all applicable blank spaces have not been completed, the debtor has not signed and dated the application and if the application has not been witnessed.

**PRE-EXISTING CONDITION EXCLUSION PERTAINING TO CREDIT LIFE INSURANCE HAS BEEN WAIVED.**

CREDIT INSURANCE APPLIED FOR:    NOTE: ONLY ONE APPLICANT MAY APPLY FOR DISABILITY COVERAGE

### CREDIT INSURANCE APPLIED FOR:

| ☐ Yes ☒ No  Single Life<br>☒ Applicant ☐ Co-Applicant | TOTAL COST<br>$ 0.00 | ☐ Yes ☒ No  Joint Life | TOTAL COST<br>$ 0.00 | ☐ Yes ☒ No  Credit Disability<br>☒ Applicant ☐ Co-Applicant | TOTAL COST<br>$ 0.00 |
|---|---|---|---|---|---|

You are covered only for the types of coverage for which a charge is indicated on this application.

TERM OF INSURANCE: 180

| APPLICANT'S SIGNATURE<br>X  *Randy J Spencer*  DATE 8/31/07 | CO-APPLICANT'S SIGNATURE<br>X | DATE |
|---|---|---|
| WITNESS  *[signature]*  DATE 8/31/07  SECONDARY BENEFICIARY (APPLICANT) | SECONDARY BENEFICIARY (CO-APPLICANT) | |

MHC-98-4388.37A

6110 LASER CUSA F49438 Rev. 5-2006     page 2 of 7     COPYRIGHT 2005 Securian Financial Group, Inc. All rights reserve

| BORROWER'S NAME | LOAN NUMBER | ACCOUNT NUMBER | DATE OF LOAN |
|---|---|---|---|
| RANDY J SPENCER | C | | 08/31/07 |

IN THESE AGREEMENTS, THE WORDS "I," "ME," "MY" AND "MINE" MEAN ALL THOSE NAMED AS BORROWERS. THE WORDS "YOU," "YOUR" AND "YOURS" MEAN THE CREDIT UNION.

## LOAN AGREEMENT

**Payments/Finance Charges:** For value received, I promise to pay, at your office, all amounts due. All payments shall be made pursuant to the disclosure statement on page 1 of this document. I understand that the finance charge and total of payments shown on the reverse side of this page are based on the assumption that all installment payments will be made on the scheduled due dates. If I fail to pay any installment by the time it is due, I will pay additional interest on the overdue amount.

**Allocation of Payments and Additional Payments:** Payments and credits shall be applied in the following order: any amounts past due; any fees or charges owing, including any fees or premiums for additional products purchased; accrued interest or finance charges; outstanding principal. Payments made in addition to regularly scheduled payments shall be applied in the same order.

**Late Charges:** If I make a late payment, I agree to pay a late charge if one is disclosed on page 1 of this document.

**Property Insurance:** If I obtain a loan secured by a motor vehicle or other tangible property, I must obtain insurance which protects the credit union from financial loss. Such a policy must provide at least fire, theft, combined additional coverages and collision insurance. It must contain a Loss Payable clause endorsement naming the credit union as lien holder. I may obtain this insurance from any agent of my choice and direct the agent to send you a copy of the policy.

**Credit Insurance:** Credit life and/or credit disability insurance is voluntary and not a condition of obtaining credit. Borrower will only have this coverage if Borrower applies for the coverage, meets the eligibility requirements, and agrees to pay the premiums. The premium will be financed as part of the loan and added to the loan amount. If Borrower fails to pay the insurance premiums, Credit Union can cancel the coverage or, at its option, pay the premium and add it to Borrower's outstanding loan balance. Borrower may cancel the coverage at any time. Credit Union retains a portion of the premium (or a portion is paid back to the credit union) as compensation for making this service available. See Certificate for specific terms and conditions of the insurance contract.

**Borrower Responsibility:** I promise to notify you of any change in my name, address or employment. I promise not to apply for a loan if I know there is a reasonable probability that I will be unable to repay my obligation according to the terms of the credit extension. I promise to inform you of any new information which relates to my ability to repay my obligation. I promise not to submit false or inaccurate information or willfully conceal information regarding my creditworthiness, credit standing, or credit capacity.

**Default:** I shall be considered in default if any of the following occur: (1) If I break any promise made under this Loan Agreement or under the Security Agreement; or (2) if I do not use the money you loaned me for the purpose stated in my application; or (3) if you should, in good faith, believe that prospect of payment, performance or realization of the collateral, if any, is impaired; or (4) if I die; or (5) if I file a petition in bankruptcy, insolvency, or receivership or am put involuntarily into such proceedings; or (6) if the collateral, if any, given as security for this loan is lost, damaged or destroyed, or if it is levied against, attached or garnished; or (7) if I do not pay on time any of my other or future debts to you. If I default, you may, at your option and without prior notice, declare this loan immediately due and payable, and I must immediately pay the total unpaid balance, as well as the Finance Charge to date, any late charges and costs of collection permitted under law, including reasonable attorneys fees. Costs of collection include, but are not limited to, repossession fees, appraisals, environmental site assessments, casualty damage insurance coverage, and attorneys fees for any action taken by an attorney in order to collect this loan or preserve or protect the credit unions rights and remedies including, without limitation, pre-suit demands for payment, pre-suit mediation or settlement negotiations, investigation and assessment of the credit unions rights, participation in bankruptcy cases, matters, and proceedings (including, without limitation, filing proofs of claim, pursuing reaffirmation agreements, attending meetings of creditors, and pursuing complaints, motions, and objections that relate in any way to the credit unions collateral or right to payment), collateral disposition, non-bankruptcy suits and/or administrative actions, and appeals. The principal balance in default shall bear interest at the contract rate.

**Delay In Enforcement:** You may delay enforcing any of your rights under this agreement without losing them.

**Irregular Payments:** You may accept late payments or partial payments, even though marked payment in full, without losing any of your rights under this agreement.

**Co-borrowers:** If I am signing this agreement as a co-borrower, I agree to be equally responsible with the borrower, but you may sue either or both of us. You do not have to notify me that this agreement has not been paid. You may extend the terms of payment and release any security without notifying or releasing me from responsibility on this agreement.

**Governing Law:** These agreements shall be construed and enforced in accordance with the laws of the State of Pennsylvania.

**Change In Terms:** The terms of this Closed-end Note, Disclosure, Loan & Security Agreement, including any fees disclosed, are subject to change without prior notice, subject to applicable law.

---

**Contractual Pledge of Shares:** I pledge all my shares and deposits in the credit union, including future additions, as security for this loan. In case I default, you may apply these shares and deposits to the payment of all sums due at the time of default, including costs of collection and reasonable attorney's fees. No lien or right to impress a lien on shares and deposits shall apply to any of my shares which may be held in an "Individual Retirement Account" or "Keogh Plan."

---

| BORROWER'S NAME | LOAN NUMBER | ACCOUNT NUMBER | DATE OF LOAN |
|---|---|---|---|
| RANDY J SPENCER | C | | 08/31/07 |

IN THESE AGREEMENTS, THE WORDS "I," "ME," "MY" AND "MINE" MEAN ALL THOSE NAMED AS BORROWERS. THE WORDS "YOU," "YOUR" AND "YOURS" MEAN THE CREDIT UNION.

## SECURITY AGREEMENT

**Security Interest; PLEDGE OF SHARES; Statutory Lien; Set-off; Administrative Freeze:** To secure the payment of this loan and all expenditures incurred by the credit union in connection with this loan: **(a) I grant the Credit Union a security interest** in the property described on Page 1 of this document ("Collateral"). The security interest includes all increases, substitutions and additions to the secured property, proceeds from any insurance on the secured property and all earnings received from the secured property. The security interest also includes all accessions. Accessions are things which are attached to or installed in the property now or in the future. The security interest also includes any replacements for the property which I buy within 10 days of the loan or any extensions, renewals or refinancing of the loan. If the value of the property declines, I promise to give you more security if asked to do so. I also agree to abide by the terms of the Security Agreement. **(b) I GRANT AND PLEDGE TO YOU A CONSENSUAL LIEN ON ALL SUMS ON DEPOSIT** to secure my obligations to the credit union pursuant to applicable state law. "All sums on deposit" and "shares" for purposes of this pledge means all deposits in any share savings, share draft, club, certificate, P.O.D., revocable trust or custodial accounts(s), whether jointly or individually held, that you have on deposit now or in the future, all of which are deemed "general deposits" for the purpose of this pledge. My pledge does not include any IRA, Keogh, tax escrow, irrevocable trust or fiduciary account in which I do not have vested ownership interest. **(c) I acknowledge and agree to impressment of the Credit Union's statutory lien rights** under the Federal Credit Union Act and/or applicable state law as of the date of my loan, which gives you the right to apply the sums in my account(s), to satisfy any obligations I owe to the credit union, regardless of contributions at the time of default, and without further notice to me or any owner of the account(s). **(d) I acknowledge and agree to your "common law" right to set off** under applicable state law which authorizes you to apply the funds in any joint or individual account to any obligations owed to you if I default or fail to pay or satisfy any obligation to you without any legal process, court proceeding or any notice to any owner of the account(s) affected hereunder or otherwise under this Agreement. **(e) I specifically agree that you have a right to place an administrative freeze on any of my joint or individual account(s) and that such action shall not violate 11 USC 362 or other applicable law.**

**Multiple Rights; Cumulative Remedies:** I understand and agree that the Credit Union has multiple rights as enumerated above and that the remedies are cumulative. Nothing herein shall limit or restrict the remedies available to you following any event of default under the terms of my loan documents.

**Cross-collateralization:** Property given as security for this loan or for any other loan Borrower has with the credit union will secure all amounts Borrower owes the credit union now and in the future. However, property securing another debt will not secure this loan if such property is Borrowers principal residence (unless the proper rescission notices are given and any other legal requirements are satisfied), or are non-purchase money household goods.

**Transfer of Collateral:** I will not change the location of, sell or transfer the collateral unless I have your prior written consent.

**Good Title:** I warrant that I have good title to the collateral, free of all security interests except that given to the credit union and except for any interest of a non-co-borrower owner of the collateral who has signed the agreement in the indicated place.

**Maintenance of Collateral:** I will pay all taxes, assessments, and liens against or attached to the property described and further agree to keep the property in good condition, housed in a suitable shelter. I agree to execute financing statements and security agreement amendments at your request and will defend the property against adverse third party claims.

**Property Insurance:** I will maintain insurance to cover any vehicle or other property in which you have a security interest. This insurance will be in a form and an amount satisfactory to you. I will supply you with proof of such insurance until all sums owed to you and secured by this property are repaid. If I fail to maintain such insurance, you may, but are not required to, obtain insurance of your own and add the cost of such to the sums owed. This cost will bear interest at the contract rate until paid. I further assign to you the right to receive the proceeds of any insurance on such property, and direct any insurer to pay those proceeds directly to you. I authorize you to endorse any check or draft provided as the proceeds of such insurance, and apply those proceeds to the sums owed to you.
I further authorize you to provide your Insurance Service Center with the necessary information for verification of adequate coverage.
I acknowledge that insurance, or any extension thereof, placed by you is without benefit to me individually but is primarily for the protection of you.

**Additional Security:** Should you feel at any time that the security presented has diminished in value, or for any reason feel that additional security is required, I agree to assign to you within ten (10) days whatever additional security you feel is necessary to protect yourself against possible loss.

**Actions Upon Default:** If a default as defined in the Loan Agreement should occur, you have the authority, upon such default, to repossess and sell the collateral in a lawful manner. In such case, you or your authorized representatives may, at your option, enter the premises where the collateral is kept and take possession, subject to applicable laws. You have the right to render the property pledged as collateral unusable and may dispose of the collateral on the premises where the collateral is kept. If you decide to sell the collateral at a public sale, private sale or otherwise dispose of the collateral, you will notify me of the time and place of the intended disposition ten (10) days prior to the sale or disposition. If you sell or otherwise dispose of the collateral you may collect from me reasonable expenses incurred in the retaking, holding and preparing the collateral for and arranging the sale of the collateral. You may also collect reasonable attorneys fees and legal expenses, permitted by applicable law, incurred in connection with disposition of the property. Unless I default, I may keep possession of the property (collateral) described and use it in any lawful manner consistent with this agreement or with the insurance policy on the collateral. I understand that you have certain rights and legal remedies available to you under the Uniform Commercial Code and other applicable laws, and that you may use these rights to enforce payment if I default. In the event, I will at your request assemble the property (collateral) and make it available to you at a place of your choosing. If you decide to waive this default, it will not constitute waiver of any other subsequent defaults.

**Attorney-in-Fact:** You are hereby appointed as my Attorney-in-Fact to perform any acts which you feel are necessary to protect the collateral and the security interest which this agreement creates.

**Joint Borrowers:** If there is more than one borrower, our obligations under this agreement are joint and several, each being equally responsible to fulfill the terms of this agreement.

**Others Bound:** This security agreement not only binds me, but my executors, administrators, heirs, and assigns.

**Further Assurances:** I agree to execute any further documents, and to take any further actions, reasonably requested by Credit Union in order to evidence or perfect the security interests granted herein or to effectuate the rights granted to Credit Union.

**Governing Law:** This Security Agreement is being executed and delivered in, and is intended to be performed in, the State of Pennsylvania and shall be construed and enforced in accordance with the laws of the State of Pennsylvania, except to the extent that the Uniform Commercial Code provides for the application of the law of another state.

**Fees for Statements and Accountings:** Credit Union reserves the right to impose a fee for any statements or accountings requested, in accordance with applicable law.

**Authorization to File Financing Statement:** I authorize Credit Union to file any financing statement(s) necessary to evidence or perfect the security interest granted herein.

6100 5-2006

| BORROWER'S NAME | LOAN NUMBER | ACCOUNT NUMBER | DATE OF LOAN |
|---|---|---|---|
| RANDY J SPENCER | C | | 08/31/07 |

CREDITOR BENEFICIARY (POLICYHOLDER)

## GALAXY FEDERAL CREDIT UNION

# MINNESOTA LIFE

**CERTIFICATE OF GROUP CREDIT INSURANCE**

Minnesota Life Insurance Company   400 Robert Street North   St. Paul, Minnesota 55101-2098

| CREDIT LIFE INSURANCE | | CREDIT DISABILITY INSURANCE | | |
|---|---|---|---|---|
| GROUP POLICY NUMBER | INSURANCE MAXIMUM | GROUP POLICY NUMBER | MAXIMUM MONTHLY DISABILITY BENEFIT | MAXIMUM LOAN REPAYMENT PERIOD |
| 28695-G-100 | $40,000 | 28696-G-100 | $500 | 120 Months |
| MAXIMUM LOAN REPAYMENT PERIOD | | MAX. AGGREGATE DISABILITY BENEFIT | WAITING PERIOD | RETROACTIVE BENEFIT |
| 120 Months | | $40,000 | 14 Days | Yes |

This certificate is issued in consideration of your application and the payment of the required premium. It summarizes the main provisions of the group policy(ies) that affect you. You may examine the group policy(ies) at the principal office of the policyholder during regular business hours.

**Notice of your right to examine this certificate for 30 days.**
It is important to us that you are satisfied with this insurance. If you are not satisfied, you may return this certificate to us within 30 days of its receipt, and you will receive a full refund of any premiums you have paid within 30 days after we receive your notice of cancellation.

**LIFE INSURANCE**
**What is the amount of the death benefit?** The initial amount of insurance is the lesser of the initial principal indebtedness or the maximum amount of insurance as specified in your application. Thereafter: (a) if the initial principal indebtedness does not exceed the maximum amount of insurance, the benefit payable is the unpaid scheduled principal indebtedness plus earned interest; (b) if the initial principal indebtedness exceeds the maximum amount of insurance, the benefit payable will be determined by applying the ratio of the maximum amount of insurance over the initial principal indebtedness to the scheduled unpaid principal indebtedness, plus earned interest. The death benefit will include up to two months of delinquent payments.

The amount of the unpaid balance will be equal to the scheduled remaining principal balance plus earned interest. If you are jointly insured and your co-debtor dies, the death benefit will be determined on the same basis. Only one death benefit is payable, even if both jointly insured debtors should die on the same date.

The death benefit will be payable when we receive a certified copy of the death certificate and a statement from the policyholder.
**How would a pre-existing medical condition affect your coverage?** With respect to life insurance coverage in excess of $1,000, we will not pay a claim if death occurs within 6 months after the effective date of your coverage and is caused by a pre-existing medical condition.

*Pre-existing conditions pertaining to credit life insurance has been waived*

A pre-existing medical condition is a pre-existing illness, disease or physical condition for which you received medical advice, consultation, diagnosis or treatment from a physician within the 6 month period immediately prior to the effective date of your coverage.

**Is there a suicide exclusion?** We will not pay any life insurance claim if you, whether sane or insane, die by suicide within one year from the effective date of your insurance, but we will refund your premium. In the case of joint credit life insurance, we will continue the surviving joint insureds coverage and make a refund in accordance with the refund provisions of this certificate. If both joint insureds commit suicide within one year of the effective date, we will refund the premium paid for the joint life insurance coverage.

**What if joint life insurance is terminated because of suicide, contestability or ineligibility?** If joint life insurance is terminated with respect to one of the joint insureds in accordance with the provisions on suicide, contestability or age eligibility contained in this certificate, a refund will be made which is equal to the difference between the premium actually charged for the joint life coverage and the premium that would have been charged if only single coverage had been issued and the joint life certificate will be replaced by a single life certificate.

**DISABILITY INSURANCE**
**What is the amount of your monthly disability benefit?** Your monthly disability benefit will be an amount equal to the lesser of:
(1) your scheduled installment payment as specified in your loan agreement, excluding any delinquencies and/or late fees, due in the month in which total disability commences; or
(2) the maximum monthly disability benefit available without evidence of insurability specified in your application if you did not submit any required evidence of insurability or, if submitted, we did not approve it; or
(3) the maximum monthly disability benefit specified in your application.

---

~~YOUR CERTIFICATE CONTAINS PRE-EXISTING CONDITIONS~~ **WAIVED** ~~WITH RESPECT TO LIFE INSURANCE IN EXCESS OF $1,000. A BENEFIT MAY NOT BE PAYABLE IF DEATH OCCURS WITHIN 6 MONTHS AFTER THE EFFECTIVE DATE OF YOUR COVERAGE AND DEATH RESULTS FROM A PRE-EXISTING CONDITION.~~ A BENEFIT MAY NOT BE PAYABLE IF TOTAL DISABILITY COMMENCES WITHIN 6 MONTHS AFTER THE EFFECTIVE DATE OF YOUR COVERAGE AND RESULTS FROM A PRE-EXISTING CONDITION. REFER TO YOUR CERTIFICATE FOR FURTHER DETAILS.

---

MHC-98-4388.37B

Certificate continued on pages 6 & 7.

| BORROWER'S NAME | LOAN NUMBER | ACCOUNT NUMBER | DATE OF LOAN |
|---|---|---|---|
| RANDY J SPENCER | C | | 08/31/07 |

Disability benefits will be payable when we receive proof you have become totally disabled while you are insured. Also, you must be under the regular care of a physician for the sickness or injury. We will pay the monthly disability benefit at the end of each month of continuous total disability following the expiration of the waiting period. If the retroactive benefit is effective, we will pay the monthly disability benefit at the end of each month of continuous total disability from the date total disability commences but benefits will not begin until the waiting period expires.

**What is the definition of total disability?** During the first twelve months of disability, your complete and continuous inability, due either to sickness or injury, to perform the duties of your regular occupation. Thereafter, your complete and continuous inability, due either to sickness or injury, to engage in any occupation for which you are reasonably fitted by age, education, training or experience.

**For how long will monthly disability benefits be paid?** We will pay the monthly disability benefit for any continuous period of total disability until any one of the following conditions are met:
   (1) the payments total an amount equal to the unpaid balance of your loan on the date total disability commences, including principal and interest, under the terms of the loan note or agreement; or
   (2) your loan reaches its scheduled maturity date; or
   (3) your loan is charged off or discharged through payment or prepayment.

**What if you suffer recurrent periods of total disability?** If, following a period of total disability, you engage on a full-time basis in any occupation for a continuous period of three months or more, any subsequent period of total disability resulting from the same or related cause or causes will be considered a new period of total disability. However, if the period during which you engage in any occupation is less than three months, any subsequent period of total disability resulting from the same or related cause or causes will be considered a continuation of the preceding period of total disability. If you are totally disabled and sustain an additional sickness or injury which would be in and of itself totally disabling, the additional sickness or injury will not be considered a new period of total disability.

**What disabilities are not covered?** We will not insure any loss resulting directly or indirectly from any total disability caused by:
   (1) intentionally self-inflicted injuries; or
   (2) normal pregnancies; or
   (3) a pre-existing illness, disease, or physical condition for which you received medical advice, consultation or treatment within the six month period immediately prior to the effective date of your coverage. However, total disability resulting from any such condition will not be excluded if total disability commences more than 6 months after the effective date of your coverage.

**When must notice of a disability claim be given?** You must give us notice within 30 days or as soon as possible after the occurrence or commencement of any loss covered by the group policy. The notice of claim must be in writing and given to our authorized agent or sent to our home office in St. Paul, Minnesota. We shall have the right to have you examined at our own expense as often as may reasonably be required while a disability claim is being considered or paid.

As deemed necessary to determine continued disability we may also request written proof of loss during the course of a claim.

**What is the effect of the actively-at-work requirement in your certificate?** If you do not meet the actively-at-work requirement, and have correctly stated such in your signed application and the certificate is issued in error, we may, during the first 60 days from the effective date of the certificate, void coverage and refund the full premium charge paid you, provided you have not become disabled and have not met the requirements of the elimination period or waiting period on the date coverage is voided.

## GENERAL PROVISIONS

**To whom will benefits be payable?** Claim payments will be made to the policyholder to reduce or extinguish your loan. If claim payments are more than the balance of your loan, remaining payments will be made to you or to a secondary beneficiary, if named, or to the insured debtors estate. In the event of the simultaneous deaths of joint insureds and if the order of the deaths cannot be determined, any excess benefits remaining payable will be divided equally between and paid to each joint insureds secondary beneficiary, if named, otherwise to each joint insureds estate.

**What if your insurance coverage is issued in excess of the maximum(s) shown above?** If we issue your insurance in excess of the maximum(s) in error, we have the right within 60 days from the effective date of the certificate to reduce the excess coverage and refund the excess premium charge paid, provided you are alive on the adjustment date and/or you have not become disabled and have not met the requirements of the elimination period or waiting period on the adjustment date.

**How are premiums calculated?** The premium for your insurance is calculated on a single premium basis and is computed by multiplying the single premium rate in effect under the group policy times the initial amount of insurance.

**How are refunds calculated?** If your insurance terminates before the scheduled maturity date of your loan or the premium you were charged is greater than the premium required for your amount of insurance, the unearned premium will be refunded to you. All overcharged premium is unearned. Where insurance terminates before the scheduled maturity date of the loan, the method of calculating refunds is:
   (1) the Rule of 78 formula for disability coverage; and
   (2) the Actuarial Method for net benefit life coverage. However, refunds of less than $10.00 will not be made.

**When does your insurance terminate?** Your insurance will terminate on the date any of the following events occurs:
   (1) your loan is charged off or discharged through payment, prepayment, renewal or refinancing; or
   (2) your loan reaches its scheduled maturity date. In no case will insurance be extended beyond 60 days after the scheduled maturity date; or
   (3) you request in writing that your insurance be terminated; or

| BORROWER'S NAME | LOAN NUMBER | ACCOUNT NUMBER | DATE OF LOAN |
|---|---|---|---|
| RANDY J SPENCER | C | | 08/31/07 |

Termination of your insurance shall be without prejudice to any claim that occurred prior to such termination.
  (4) you die. If joint life insurance is in force, your insurance terminates on both you and your co-debtor on the date either you or your co-debtor dies.

**What if your age is misstated?** Subject to the contestable provision, if you stated you would be under age 66 on the scheduled maturity date of your loan and applied for disability insurance or you stated you would be under age 70 on the scheduled maturity date of your loan and applied for life insurance but you were not, we will refund your premium when we discover this and no benefits will be paid. If you applied for joint life insurance, this also applies to your co-debtor.

**What are the effects of the age limitations in your certificate?** If you exceed the eligibility age, and have correctly stated your age in your application, and the certificate is issued in error, we may, during the first 60 days from the effective date of the certificate, void coverage and refund the full charge paid by you, provided you are alive on the termination date and/or you have not become disabled and have not met the requirements of the elimination period or waiting period on the termination date. If a certificate is issued in error to a joint insured and his/her coverage is voided as set forth above, the eligible joint insureds coverage will continue and a refund will be made in accordance with the provisions of this certificate.

**Can we contest your insurance?** After your insurance has been in force during your lifetime for two years from the effective date of your insurance (excluding any period during which you are disabled), we cannot contest your insurance for any loss that is incurred more than two years after the effective date, except for the nonpayment of premium. In the case of joint life insurance, if coverage is terminated with respect to one of the joint insureds the other joint insureds coverage will continue and a refund will be made in accordance with the What if joint life insurance is terminated because of suicide, contestability or ineligibility? provision.

**PREMIUM REFUND** - You may submit this to the Credit Union for completion upon termination of coverage.

| EFFECTIVE DATE OF LOAN | TERM OF LOAN | CANCELLATION DATE | REFUND AMOUNT Life: $  Disability: $ |
|---|---|---|---|
| | | | |

BK0467PG0351

TM

# MORTGAGE

THIS MORTGAGE is made this __31st__ day of __August__, 20__07__ between the Mortgagor, __Randy J. Spencer__ _____(herein "Borrower"), and the Mortgagee, Galaxy Federal Credit Union, a corporation organized and existing under the laws of the United States of America, whose address is 1313 Liberty Street, Franklin, Pennsylvania 16323 (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of __93,600.00__ Dollars, which indebtedness is evidenced by Borrower's note dated __8/31/07__ (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on __9/01/22__.

TO SECURE to Lender (a) the repayment of the indebtedness evidenced by the Note with interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage, and the performance of the covenants and agreements of Borrower herein contained, and (b) the repayment of any future advances, with interest thereon that may be made to Borrower by Lender; Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of __Venango__, State of Pennsylvania.

ALL THAT CERTAIN piece or parcel of land situate in Cranberry Township, Venango County, bounded and described as follows:

BEGINNING at a point in the centerline of United States Highway Route 322; thence North 21° East along the westerly line of lands of Kevin T. Ross conveyed by deed recorded in Venango County Deed Book Volume 803, Page 838, passing through a steel pin at a distance of 109.6 feet from the place of beginning for a total distance of 2,178.12 feet from the place of beginning to an iron pin at the northwesterly corner of the land of Kevin T. Ross; thence South 74° 47' West, 83.32 feet along the line of land now of Sara L. Meals as described in Venango County Deed Book 895, page 562, and thence continuing by the following courses and distances along said land of Sara L. Meals, South 89° 47' West, 462 feet to a point; thence South 58° 36' West, 297 feet to a point; thence South 44° 36' West, 222.75 feet to a point; thence South 53° 43' West, 936.4 feet to a point; thence South 41° 27' West, 247.5 feet to a point; thence South 34° 04' West, 405.9 feet to a point; thence South 05° East, 92.4 feet to a point; thence South 08° West, 165 feet to a point in the centerline of United States Highway Route 322; thence along the centerline of said Highway, South 76° 03' 12" East, 730.03 feet to a point; thence South 73° 36' East, 161.24 feet to a point; thence South 72° 59' 14" East, 490.93 feet to a point, the place of beginning.

Which has the address of __US 322__ __Franklin__
(Street) (City)
__Pennsylvania__ __16323__ (herein "Property Address");
(State) (Zip Code)

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions hereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are herein referred to as the "Property".

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed.

Borrower and Lender convent and agree as follows:

1. Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and interest on any Future Advances secured by this Mortgage, and shall perform all other obligations as required or provided herein and in said promissory note.

2. Borrower shall pay all taxes, assessments and other charges, fines and impositions attributed to the property which may attain a priority over this mortgage. Borrower shall furnish receipts evidencing such payments to the Lender upon request.

Case 24-10166-JCM    Doc 94-1    Filed 10/29/24    Entered 10/29/24 13:37:48    Desc
Case 24-10166-JCM    Claim 3-1 Filed 05/09/24    Page 13 of 14
Exhibit A    Page 13 of 17

BK 0 4 6 7 PG

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Witnesses:

_Randy J. Spencer_ ---Borrower

---Borrower

COMMONWEALTH OF PENNSYLVANIA, _____Venango_____ County ss:

On this, the __31st__ day of __August__ 20__07__, before me,

__a notary__ the undersigned officer, personally appeared

__Randy J. Spencer__ known to me (or satisfactorily proven)

to be the person _____ whose name __is__ subscribed to the within instrument and acknowledged

that __he__ executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission expires:

_____
Title of Officer

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Gail L. Kulling, Notary Public
City Of Franklin, Venango County
My Commission Expires March 31, 2011
Member, Pennsylvania Association of Notaries

--------------------------(Space Below This Line Reserved For Lender and Recorder)--------------------------

CERTIFICATE OF RESIDENCE

I, Judith K. Saltzmann

precise place of business is 1313 Liberty Street, hereby certify that its
Franklin, PA 16323

Agent for Galaxy Federal Credit Union
Judith K. Saltzmann

BK 0467 PG 0353

## COUNTY OF VENANGO
Sue A. Buchan
Recorder – Register – Clerk of Orphans' Court
1168 Liberty Street
P.O. Box 831
Franklin, PA 16323
(814) 432-9539

**RECEIPT FOR PAYMENT**

Instrument Number: 2007-006607  
Instrument Type: MORTGAGE

Receipt Date: 10/04/2007  
Receipt Time: 13:26:31  
Receipt No.: 138996

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| MORTGAGE | 13.00 |
| MORTGAGE - WRIT | .50 |
| MORTGAGE - A/H | 12.50 |
| J.C.S. / A.T.J. | 10.00 |
| CO IMPROVEMENT FND | 2.00 |
| REC. IMPRVMT FUND | 3.00 |
| Check# 090208 | $41.00 |
| Total Received......... | $41.00 |

Paid By Remarks: GALAXY FCU

**** DO NOT DETACH ***

NOTE ** This page is now part of this legal document. ** NOTE

NOTE ** Some information subject to change during the verification process and may not be reflected on this page. ** NOTE

Randy J Spencer - 4081 C - Loan History from date of loan 8/31/2007 in the original principal amount of $93,600.00

| DATE | TRANS AMOUNT | LATE CHARGE | FINANCE CHARGE | LOAN PRINCIPAL | LOAN DEBIT | LOAN CREDIT | DESCRIPTION | LOAN BALANCE |
|---|---|---|---|---|---|---|---|---|
| 8/31/2007 | | | | | | | NEW LOAN | 93,600.00 |
| 9/28/2007 | 992.20 | | 700.08 | 292.12 | | | PAYMENT | 93,307.88 |
| 11/30/2007 | 992.20 | | 992.20 | - | | | PAYMENT | 93,307.88 |
| 12/31/2007 | 992.20 | | 992.20 | - | | | PAYMENT | 93,307.88 |
| 1/31/2008 | 992.20 | | 992.20 | - | | | PAYMENT | 93,307.88 |
| 2/29/2008 | 992.20 | | 861.82 | 130.38 | | | PAYMENT | 93,177.50 |
| 3/31/2008 | 992.20 | | 771.59 | 220.61 | | | PAYMENT | 92,956.89 |
| 4/30/2008 | 992.20 | | 744.93 | 247.27 | | | PAYMENT | 92,709.62 |
| 5/30/2008 | 992.20 | | 742.95 | 249.25 | | | PAYMENT | 92,460.37 |
| 6/30/2008 | 992.20 | | 765.65 | 226.55 | | | PAYMENT | 92,233.82 |
| 7/31/2008 | 992.20 | | 763.77 | 228.43 | | | PAYMENT | 92,005.39 |
| 8/29/2008 | 992.20 | | 712.73 | 279.47 | | | PAYMENT | 91,725.92 |
| 9/30/2008 | 992.20 | | 784.07 | 208.13 | | | PAYMENT | 91,517.79 |
| 10/31/2008 | 708.95 | | 708.95 | - | | | 1 OF 3 INT PMTS | 91,517.79 |
| 12/31/2008 | 992.20 | | 992.20 | - | | | PAYMENT | 91,517.79 |
| 1/30/2009 | 1,330.22 | | 1,330.22 | - | | | 2 OF 3 INT PMTS | 91,517.79 |
| 2/27/2009 | 684.50 | | 684.50 | - | | | 3 OF 3 INT PMTS | 91,517.79 |
| 3/31/2009 | 992.20 | | 782.29 | 209.91 | | | PAYMENT | 91,307.88 |
| 4/30/2009 | 992.20 | | 731.71 | 260.49 | | | PAYMENT | 91,047.39 |
| 5/29/2009 | 992.20 | | 705.31 | 286.89 | | | PAYMENT | 90,760.50 |
| 6/30/2009 | 992.20 | | 775.82 | 216.38 | | | PAYMENT | 90,544.12 |
| 8/5/2009 | 846.53 | | 846.53 | - | | | SPECIAL DEFERMENT | 90,544.12 |
| 8/31/2009 | 992.20 | | 653.03 | 339.17 | | | PAYMENT | 90,204.95 |
| 11/9/2009 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 90,209.95 |
| 11/20/2009 | 992.20 | 5.00 | 959.58 | 32.62 | | | PAYMENT | 90,182.33 |
| 12/4/2009 | 992.20 | | 337.26 | 654.94 | | | PAYMENT | 89,527.39 |
| 1/29/2010 | 992.20 | | 992.20 | - | | | PAYMENT | 89,527.39 |
| 3/5/2010 | 992.20 | | 992.20 | - | | | PAYMENT | 89,527.39 |
| 4/9/2010 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 89,532.39 |
| 5/11/2010 | 992.20 | 5.00 | 801.99 | 190.21 | | | PAYMENT | 89,347.18 |
| 5/19/2010 | 1,036.33 | | | | 1,036.33 | | COLL PROT INS | 90,383.51 |
| 6/11/2010 | 992.20 | 5.00 | 746.23 | 245.97 | | | PAYMENT | 90,142.54 |
| 7/9/2010 | 992.20 | 5.00 | 674.22 | 317.98 | | | PAYMENT | 89,829.56 |
| 7/30/2010 | 992.20 | | 503.91 | 488.29 | | | PAYMENT | 89,341.27 |
| 8/13/2010 | 1,036.33 | | | | | 1,036.33 | COLL PROT INS REF | 88,304.94 |
| 8/13/2010 | 31.84 | | | | | 31.84 | INT REBATE COLL INS | 88,273.10 |
| 9/2/2010 | 992.20 | | 805.71 | 186.49 | | | PAYMENT | 88,086.61 |
| 10/4/2010 | 992.20 | | 752.96 | 239.24 | | | PAYMENT | 87,847.37 |
| 11/5/2010 | 992.20 | | 750.91 | 241.29 | | | PAYMENT | 87,606.08 |
| 1/7/2011 | 992.20 | | 992.20 | - | | | PAYMENT | 87,606.08 |
| 1/31/2011 | 992.20 | | 992.20 | - | | | PAYMENT | 87,606.08 |
| 2/28/2011 | 992.20 | | 706.79 | 285.41 | | | PAYMENT | 87,320.67 |
| 4/8/2011 | 992.20 | 5.00 | 909.69 | 82.51 | | | PAYMENT | 87,243.16 |
| 5/31/2011 | 1,984.40 | 5.00 | 1,235.15 | 749.25 | | | PAYMENT | 86,498.91 |
| 8/5/2011 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,503.91 |
| 8/31/2011 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,508.91 |
| 10/6/2011 | 992.20 | | 973.29 | 18.91 | | | PAYMENT | 86,490.00 |
| 11/2/2011 | 992.20 | | 623.79 | 368.41 | | | PAYMENT | 86,121.59 |
| 12/30/2011 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,126.59 |
| 3/30/2012 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,131.59 |
| 4/30/2012 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,136.59 |
| 5/31/2012 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,141.59 |
| 6/29/2012 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,146.59 |
| 8/31/2012 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,151.59 |
| 10/1/2012 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,156.59 |
| 10/31/2012 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 86,161.59 |
| 11/6/2012 | 380.00 | | | | 380.00 | | LEGAL - FORECLOSURE | 86,541.59 |
| 12/11/2012 | 934.30 | | | | 934.30 | | MTG FORECLOSURE FEES | 87,475.89 |
| 1/3/2013 | 58.25 | | | | 58.25 | | MBR REQ COPIES | 87,534.14 |
| 1/9/2013 | 2,072.60 | | | | 2,072.60 | | MTG FORECLOSURE FEES | 89,606.74 |
| 2/11/2013 | 983.40 | | | | 983.40 | | MTG FORECLOSURE FEES | 90,590.14 |
| 3/6/2013 | 1,005.20 | | | | 1,005.20 | | DALE WOODARD-MTG FORECLOSUR | 91,595.34 |
| 4/11/2013 | 366.80 | | | | 366.80 | | LEGAL FEES | 91,962.14 |
| 5/10/2013 | 82.00 | | | | 82.00 | | MTG FORECLOSURE FEES | 92,044.14 |
| 6/7/2013 | 2,112.20 | | | | 2,112.20 | | MORTGAGE FORECLOSURE | 94,156.34 |
| 7/11/2013 | 222.00 | | | | 222.00 | | MTG FORECLOSURE FEES | 94,378.34 |
| 8/8/2013 | 1,528.40 | | | | 1,528.40 | | MTG FORECLOSURE PROCEDURES | 95,906.74 |
| 9/17/2023 | 80.00 | | | | 80.00 | | ATTORNEY FEES | 95,986.74 |
| 12/4/2013 | 2,500.00 | | | | 2,500.00 | | SHERIFF SALE PROCESS | 98,486.74 |
| 12/12/2013 | 1,020.00 | | | | 1,020.00 | | MTG FORECLOSURE DOCS | 99,506.74 |
| 12/18/2013 | 800.00 | | | | 800.00 | | APPRAISAL FEE | 100,306.74 |
| 1/9/2014 | 1,943.26 | | | | 1,943.26 | | MTG FORECLOSURE EXPENSES | 102,250.00 |
| 2/14/2014 | 1,913.20 | | | | 1,913.20 | | DALE WOODARD SERVICES | 104,163.20 |

| DATE | TRANS AMOUNT | LATE CHARGE | FINANCE CHARGE | LOAN PRINCIPAL | LOAN DEBIT | LOAN CREDIT | DESCRIPTION | LOAN BALANCE |
|---|---|---|---|---|---|---|---|---|
| 3/12/2014 | 20.00 | | | | 20.00 | | LEGAL FEES | 104,183.20 |
| 4/11/2014 | 260.00 | | | | 260.00 | | LEGAL FEES | 104,443.20 |
| 5/9/2014 | 1,201.70 | | | | 1,201.70 | | LEGAL FEES | 105,644.90 |
| 7/17/2014 | 1,364.75 | | | | 1,364.75 | | MTG FORECLOSURE FEES | 107,009.65 |
| 7/28/2014 | 6,945.40 | 35.00 | 6,945.40 | | | | PAYMENT | 107,044.65 |
| 7/29/2014 | 35.00 | | | | | 35.00 | REFUND LATE CHARGES | 107,009.65 |
| 8/12/2014 | 1,624.55 | | | | 1,624.55 | | LEGAL FEES | 108,634.20 |
| 8/28/2014 | 992.20 | | 992.20 | | | | PAYMENT | 108,634.20 |
| 8/28/2014 | 1,980.59 | | 1,980.59 | | | | PAYMENT | 108,634.20 |
| 9/9/2014 | 1,759.94 | | | | | 1,759.94 | SHERIFF OFFICE REFUND | 106,874.26 |
| 11/7/2014 | 938.65 | | | | 938.65 | | DALE WOODARD FEES | 107,812.91 |
| 11/26/2014 | 1,093.61 | | 1,093.61 | | | | PAYMENT | 107,812.91 |
| 12/10/2014 | 20.00 | | | | 20.00 | | DALE WOODARD SERVICES | 107,832.91 |
| 1/14/2015 | 40.00 | | | | 40.00 | | DALE WOODARD FEES | 107,872.91 |
| 2/13/2015 | 40.00 | | | | 40.00 | | DALE WOODARD FEES | 107,912.91 |
| 2/26/2015 | 1,092.46 | 5.00 | 1,092.46 | | | | PAYMENT | 107,917.91 |
| 3/30/2015 | 2,716.67 | 15.00 | 2,716.67 | | | | PAYMENT | 107,932.91 |
| 3/31/2015 | 20.00 | | | | | 20.00 | REFUND LATE CHARGES | 107,912.91 |
| 4/9/2015 | 80.00 | | | | 80.00 | | DALE WOODARD FEES | 107,992.91 |
| 4/27/2015 | 1,092.20 | | 1,092.20 | | | | PAYMENT | 107,992.91 |
| 5/15/2015 | 240.70 | | | | 240.70 | | DALE WOODARD FEES | 108,233.61 |
| 6/19/2015 | 1,092.33 | | 1,092.33 | | | | PAYMENT | 108,233.61 |
| 6/25/2015 | 357.49 | | 357.49 | | | | PAYMENT | 108,233.61 |
| 6/25/2015 | 357.49 | | (357.49) | | | | CHG BACK PMT - WRONG LOAN | 108,233.61 |
| 6/25/2015 | 1,100.39 | | 1,100.39 | | | | PAYMENT | 108,233.61 |
| 7/10/2015 | 1,791.50 | | | | 1,791.50 | | LEGAL FEES | 110,025.11 |
| 7/30/2015 | 11,364.90 | | 9,293.40 | 2,071.50 | | | PAYMENT | 107,953.61 |
| 9/18/2015 | 22.50 | | | | 22.50 | | LEGAL FEES | 107,976.11 |
| 10/28/2015 | 2,976.60 | 10.00 | 2,595.57 | 381.03 | | | PAYMENT | 107,605.08 |
| 10/28/2015 | 914.28 | | - | 914.28 | | | PAYMENT | 106,690.80 |
| 11/13/2015 | 112.50 | | | | 112.50 | | DALE WOODARD FEES | 106,803.30 |
| 1/15/2016 | 45.00 | | | | 45.00 | | DALE WOODARD FEES | 106,848.30 |
| 1/28/2016 | 1,180.62 | | 1,180.62 | | | | PAYMENT | 106,848.30 |
| 2/12/2016 | 25.60 | | | | 25.60 | | LEGAL FEES | 106,873.90 |
| 2/29/2016 | 2,420.26 | | 2,357.23 | 63.03 | | | PAYMENT | 106,810.87 |
| 3/9/2016 | 22.50 | | | | 22.50 | | DALE WOODARD FEES | 106,833.37 |
| 4/14/2016 | 45.00 | | | | 45.00 | | ATTORNEY FEES | 106,878.37 |
| 5/12/2016 | 45.00 | | | | 45.00 | | LEGAL FEES | 106,923.37 |
| 5/26/2016 | 1,267.01 | | 1,267.01 | | | | PAYMENT | 106,923.37 |
| 6/10/2016 | 67.50 | | | | 67.50 | | LEGAL FEES | 106,990.87 |
| 7/15/2016 | 1,429.59 | | | | 1,429.59 | | FORECLOSURE LEGAL FEES | 108,420.46 |
| 7/29/2016 | 1,274.97 | | 1,274.97 | | | | PAYMENT | 108,420.46 |
| 8/29/2016 | 1,273.40 | | 1,273.40 | | | | PAYMENT | 108,420.46 |
| 9/14/2016 | 46.10 | | | | 46.10 | | LEGAL FEES | 108,466.56 |
| 9/29/2016 | 1,273.72 | | 1,273.32 | | | | PAYMENT | 108,466.56 |
| 10/31/2016 | 1,261.40 | | 1,261.40 | | | | PAYMENT | 108,466.56 |
| 11/23/2016 | 1,261.24 | | 1,261.24 | | | | PAYMENT | 108,466.56 |
| 12/23/2016 | 1,261.10 | | 964.84 | 296.26 | | | PAYMENT | 108,170.30 |
| 1/30/2017 | 1,264.84 | 5.00 | 1,098.00 | 166.84 | | | PAYMENT | 108,008.46 |
| 2/1/2017 | 5.00 | | | | | 5.00 | REVERSE LATE FEE | 108,003.46 |
| 2/27/2017 | 1,264.59 | | 807.81 | 456.78 | | | PAYMENT | 107,546.68 |
| 3/31/2017 | 466.19 | | 466.19 | | | | PAYMENT | 107,546.68 |
| 5/9/2014 | 22.50 | | | | 22.50 | | LEGAL FEES | 107,569.18 |
| 6/9/2017 | 67.50 | | | | 67.50 | | LEGAL FEE LTR RE TRUSTEE DISBS | 107,636.68 |
| 6/29/2017 | 406.26 | | 406.26 | | | | PAYMENT | 107,636.68 |
| 7/19/2017 | 45.00 | | | | 45.00 | | LEGAL FEES | 107,681.68 |
| 9/13/2017 | 69.70 | | | | 69.70 | | LEGAL FEES | 107,751.38 |
| 10/11/2017 | 225.00 | | | | 225.00 | | LEGAL FEES | 107,976.38 |
| 12/8/2017 | 1,171.00 | | | | 1,171.00 | | LEGAL FEES | 109,147.38 |
| 12/26/2017 | 9,922.00 | 45.00 | 7,822.52 | 2,099.48 | | | FINAL PMT BANKRUPTCY TTEE | 107,092.90 |
| 12/26/2017 | 3,963.51 | | - | 3,963.51 | | | FINAL PMT BANKRUPTCY TTEE | 103,129.39 |
| 1/9/2018 | 1,178.47 | | | | 1,178.47 | | LEGAL FEES | 104,307.86 |
| 1/31/2018 | 992.20 | | 992.20 | - | | | PAYMENT | 104,307.86 |
| 2/9/2018 | 22.50 | | | | 22.50 | | LEGAL FEES | 104,330.36 |
| 2/28/2018 | 992.20 | | 786.75 | 205.45 | | | PAYMENT | 104,124.91 |
| 4/2/2018 | 992.20 | | 917.87 | 74.33 | | | PAYMENT | 104,050.58 |
| 4/30/2018 | 992.20 | | 778.24 | 213.96 | | | PAYMENT | 103,836.62 |
| 5/31/2018 | 992.20 | | 859.85 | 132.35 | | | PAYMENT | 103,704.27 |
| 6/29/2018 | 992.20 | | 803.35 | 188.85 | | | PAYMENT | 103,515.42 |
| 7/31/2018 | 992.20 | | 884.84 | 107.36 | | | PAYMENT | 103,408.06 |
| 9/4/2018 | 992.20 | | 966.79 | 25.41 | | | PAYMENT | 103,382.65 |
| 9/28/2018 | 992.20 | | 662.78 | 329.42 | | | PAYMENT | 103,053.23 |
| 10/31/2018 | 992.20 | | 908.42 | 83.78 | | | PAYMENT | 102,969.45 |
| 11/30/2018 | 992.20 | | 825.17 | 167.03 | | | PAYMENT | 102,802.42 |
| 12/28/2018 | 992.20 | | 768.91 | 223.29 | | | PAYMENT | 102,579.13 |

| DATE | TRANS AMOUNT | LATE CHARGE | FINANCE CHARGE | LOAN PRINCIPAL | LOAN DEBIT | LOAN CREDIT | DESCRIPTION | LOAN BALANCE |
|---|---|---|---|---|---|---|---|---|
| 1/31/2019 | 992.20 | | 931.64 | 60.56 | | | PAYMENT | 102,518.57 |
| 2/12/2019 | 315.00 | | | | 315.00 | | LEGAL FEES | 102,833.57 |
| 2/28/2019 | 992.20 | | 768.13 | 224.07 | | | PAYMENT | 102,609.50 |
| 3/13/2019 | 1,372.50 | | | | 1,372.50 | | LEGAL FEES | 103,982.00 |
| 3/29/2019 | 992.20 | | 800.74 | 191.46 | | | PAYMENT | 103,790.54 |
| 4/11/2019 | 105.86 | | | | 105.86 | | DALE WOODARD | 103,896.40 |
| 4/30/2019 | 992.20 | | 887.73 | 104.47 | | | PAYMENT | 103,791.93 |
| 5/31/2019 | 992.20 | | 859.48 | 132.72 | | | PAYMENT | 103,659.21 |
| 6/28/2019 | 992.20 | | 775.31 | 216.89 | | | PAYMENT | 103,442.32 |
| 7/31/2019 | 992.20 | | 911.85 | 80.35 | | | PAYMENT | 103,361.97 |
| 8/30/2019 | 992.20 | | 828.31 | 163.89 | | | PAYMENT | 103,198.08 |
| 9/30/2019 | 992.20 | | 854.56 | 137.64 | | | PAYMENT | 103,060.44 |
| 10/30/2019 | 992.20 | | 825.90 | 166.30 | | | PAYMENT | 102,894.14 |
| 11/29/2019 | 992.20 | | 824.56 | 167.64 | | | PAYMENT | 102,726.50 |
| 12/31/2019 | 992.20 | | 878.10 | 114.10 | | | PAYMENT | 102,612.40 |
| 1/31/2020 | 992.20 | | 849.72 | 142.48 | | | PAYMENT | 102,469.92 |
| 3/9/2020 | 992.20 | | 992.20 | - | | | PAYMENT | 102,469.92 |
| 3/31/2020 | 992.20 | | 650.13 | 342.07 | | | PAYMENT | 102,127.85 |
| 4/30/2020 | 992.20 | | 818.42 | 173.78 | | | PAYMENT | 101,954.07 |
| 5/29/2020 | 992.20 | | 789.79 | 202.41 | | | PAYMENT | 101,751.66 |
| 6/30/2020 | 992.20 | | 869.77 | 122.43 | | | PAYMENT | 101,629.23 |
| 7/31/2020 | 992.20 | | 841.57 | 150.63 | | | PAYMENT | 101,478.60 |
| 9/1/2020 | 992.20 | | 867.43 | 124.77 | | | PAYMENT | 101,353.83 |
| 9/30/2020 | 992.20 | | 785.15 | 207.05 | | | PAYMENT | 101,146.78 |
| 11/2/2020 | 992.20 | | 891.62 | 100.58 | | | PAYMENT | 101,046.20 |
| 12/3/2020 | 992.20 | | 836.75 | 155.45 | | | PAYMENT | 100,890.75 |
| 12/29/2020 | 992.20 | | 700.71 | 291.49 | | | PAYMENT | 100,599.26 |
| 2/2/2021 | 992.20 | | 940.53 | 51.67 | | | PAYMENT | 100,547.59 |
| 2/26/2021 | 992.20 | | 644.61 | 347.59 | | | PAYMENT | 100,200.00 |
| 3/31/2021 | 992.20 | | 883.27 | 108.93 | | | PAYMENT | 100,091.07 |
| 4/30/2021 | 992.20 | | 802.10 | 190.10 | | | PAYMENT | 99,900.97 |
| 6/10/2021 | 992.20 | 5.00 | 992.20 | - | | | PAYMENT | 99,905.97 |
| 7/2/2021 | 992.20 | | 689.04 | 303.16 | | | PAYMENT | 99,602.81 |
| 8/2/2021 | 992.20 | | 824.79 | 167.41 | | | PAYMENT | 99,435.40 |
| 9/2/2021 | 992.20 | | 823.41 | 168.79 | | | PAYMENT | 99,266.61 |
| 10/4/2021 | 992.66 | | 848.53 | 144.13 | | | PAYMENT | 99,122.48 |
| 10/29/2021 | 992.20 | | 661.95 | 330.25 | | | PAYMENT | 98,792.23 |
| 12/1/2021 | 992.20 | | 870.86 | 121.34 | | | PAYMENT | 98,670.89 |
| 12/30/2021 | 992.66 | | 764.36 | 228.30 | | | PAYMENT | 98,442.59 |
| 1/31/2022 | 992.66 | | 841.48 | 151.18 | | | PAYMENT | 98,291.41 |
| 2/28/2022 | 992.20 | | 735.17 | 257.03 | | | PAYMENT | 98,034.38 |
| 4/1/2022 | 992.66 | | 837.99 | 154.67 | | | PAYMENT | 97,879.71 |
| 5/3/2022 | 990.36 | | 836.67 | 153.69 | | | PAYMENT | 97,726.02 |
| 6/2/2022 | 992.20 | | 783.15 | 209.05 | | | PAYMENT | 97,516.97 |
| 7/1/2022 | 992.20 | | 755.42 | 236.78 | | | PAYMENT | 97,280.19 |
| 8/1/2022 | 992.20 | | 805.56 | 186.64 | | | PAYMENT | 97,093.55 |
| 8/31/2022 | 992.20 | | 778.08 | 214.12 | | | PAYMENT | 96,879.43 |
| 9/30/2022 | 992.20 | | 776.36 | 215.84 | | | PAYMENT | 96,663.59 |
| 11/4/2022 | 992.20 | | 903.74 | 88.46 | | | PAYMENT | 96,575.13 |
| 12/9/2022 | 992.20 | 5.00 | 902.91 | 89.29 | | | PAYMENT | 96,490.84 |
| 1/13/2023 | 992.20 | 5.00 | 902.12 | 90.08 | | | PAYMENT | 96,405.76 |
| 2/1/2023 | 992.66 | | 489.29 | 503.37 | | | PAYMENT | 95,902.39 |
| 2/28/2023 | 992.20 | | 691.68 | 300.52 | | | PAYMENT | 95,601.87 |
| 3/31/2023 | 992.20 | | 791.66 | 200.54 | | | PAYMENT | 95,401.33 |
| 4/28/2023 | 992.20 | | 713.55 | 278.65 | | | PAYMENT | 95,122.68 |
| 5/31/2023 | 992.20 | | 838.51 | 153.69 | | | PAYMENT | 94,968.99 |
| 7/3/2023 | 992.20 | | 837.16 | 155.04 | | | PAYMENT | 94,813.95 |
| 7/31/2023 | 992.20 | | 709.16 | 283.04 | | | PAYMENT | 94,530.91 |
| 8/31/2023 | 992.20 | | 782.79 | 209.41 | | | PAYMENT | 94,321.50 |
| 10/2/2023 | 1,004.50 | | 806.26 | 198.24 | | | PAYMENT | 94,123.26 |
| 11/1/2023 | 992.66 | | 754.28 | 238.38 | | | PAYMENT | 93,884.88 |
| 12/1/2023 | 992.20 | | 752.37 | 239.83 | | | PAYMENT | 93,645.05 |
| 12/29/2023 | 992.66 | | 700.41 | 292.25 | | | PAYMENT | 93,352.80 |
| 2/1/2024 | 992.20 | | 847.85 | 144.35 | | | PAYMENT | 93,208.45 |
| 2/29/2024 | 992.20 | | 697.15 | 295.05 | | | PAYMENT | 92,913.40 |
| | | 220.00 | 157,612.22 | 31,134.60 | 33,116.11 | 2,888.11 | | |