IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Randy Jay Spencer | : | Case No. 24-10166-JCM |
| | : | |
| Debtor(s) | : | Chapter 13 |
| | : | |
| Ronda J. Winnecour, Chapter 13 Trustee | : | |
| | : | |
| Movant(s) | : | Related to Documents 72 |
| | : | |
| vs. | : | Hearing Date: 1/21/25 |
| Randy Jay Spencer | : | at 2:00 p.m. |
| | : | |
| Respondent(s) | : | |

### OBJECTION TO AMENDED CHAPTER 13 PLAN DATED 08/16/2024 AND REQUEST CASE BE DISMISSED[1]

1. This case commenced on March 26, 2024, and is approaching its one-year anniversary without being in a posture to be confirmed. The case appears to depend on litigation that is of limited merit in one matter (i.e., the objection to the claim of Galaxy Federal Credit Union (Cl #3))[2] or has not yet been commenced. Meanwhile, the only claims currently being paid are for equipment that in so far as the Trustee is aware is unnecessary to the reorganization effort or produces income in excess of its carrying costs and debt service.

2. The plan has been objected to by Galaxy Federal Credit Union (Doc #86), Commonwealth of Pennsylvania (Doc #87), and Township of Cranberry (Doc #89). As

---

[1] The burden of proof for an objection to confirmation of a Chapter 13 Plan is a shifting one. The party objecting to confirmation bears the initial burden of presenting some evidence to support the objection. *In re McKinney*, 507 B.R. 534, 539 (Bankr. W.D. Pa. 2014). Once the objecting party satisfies this initial burden, the burden shifts to the debtor, who always holds the ultimate burden of proof in the matter, to prove by a preponderance of the evidence that the plan complies with the requirements of 11 U.S.C. § 1325. *Id.*

[2] Trustee understands the objection to be to only a fraction of the total claim and, therefore, even if the Debtor were to prevail, a large part of the claim would still need to be provided for in the plan.

of the last conciliation (January 9, 2025) there had been no apparent progress in resolving any of the objections. All three creditors requested that the case be put on the Court's contested list.

3.     At conciliations on 9/26/24 and 11/21/24 the Trustee requested that the Debtor, before the next scheduled conciliation: (a) provide appraisals for all real estate given that among the contemplated litigation was §506 actions; (b) have commenced all contemplated §506/§522(f) actions; (c) provide monthly operating reports and year to date profit and loss statements and balance sheets for all lines of business(es); and (d) provide an explanation of what the construction equipment (which Trustee believed to consist of a 23 Yanmar Tractor, 08 New Holland Backhoe, Dresser 515 Loader, 1990 and 1979 High-Lifts, 1985 Mack Rollback, 1999 New Holland Tractor, Gehl Excavator, and 2007 Dressta Dozer) were used for. As of the January 9, 2025, conciliation little or no progress has been made on any of the items.

4.     The Debtor's Schedule I and J reflects net income (at Sch J, Line 23c) of $696.22. The Debtor has been paying $1,450 per month (though there is a question of how the Debtor can afford to pay even that based on the disclosed income and expenses). Given that the ultimate required plan payments is subject to so much outstanding valuation and objection to claim litigation it is difficult to estimate what the plan payment will need to be after the smoke has all cleared, but an increase in monthly plan payment appears likely and based on the current disclosures it appears that the feasibility, particularly without sales of those assets with equity or, in the case of over-encumbered property, abandonment, the case does not look feasible.

<u>Request confirmation be denied and case be dismissed</u>

5.     Based on the outstanding matters / issues, the plan is currently unconfirmable. Under 11 U.S.C. §1307(c), the Court may convert or dismiss a case,

whichever is in the best interests of creditors and the estate, once cause has been shown.  Cause includes those factors enumerated in §1307(c), which include unreasonable delay by the debtor that is prejudicial to creditors. Given the Debtor's failure to timely move forward with the prosecution of all matters that are contemplated in the case there has been a delay prejudicial to creditors.  Under the circumstances, dismissal is warranted.

      WHEREFORE, the Trustee respectfully requests that confirmation be denied and the case be dismissed.

                                      RONDA J. WINNECOUR,
                                      CHAPTER 13 TRUSTEE

Date: January 10, 2025          By: /s/ Owen W. Katz
                                      Owen W. Katz, PA I.D. 36473
                                      Attorney for Chapter 13 Trustee
                                      US Steel Tower, Suite 3250
                                      600 Grant Street
                                      Pittsburgh, PA  15219
                                      (412) 471-5566
                                      Email: okatz@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Randy Jay Spencer | : | Case No. 24-10166-JCM |
| | : | |
| Debtor(s) | : | Chapter 13 |
| | : | |
| Ronda J. Winnecour, Chapter 13 Trustee | : | |
| | : | |
| Movant(s) | : | Related to Documents 72 |
| | : | |
| vs. | : | Hearing Date: 1/21/25 |
| Randy Jay Spencer | : | at 2:00 p.m. |
| | : | |
| Respondent(s) | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th of January 2025, I served one true and correct copy of the foregoing document on the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

Office of the United States Trustee
1000 Liberty Avenue, Suite 1316
Pittsburgh, PA 15222

Brian C. Thompson, Esquire
Thompson Law Group, PC
301 Smith Drive, Suite 6
Cranberry Township, PA 16066

Randy Jay Spencer
166 Garden Lane
Franklin, PA 16323

/s/Rosa Richard
Office of Chapter 13 Trustee
U.S. Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA 15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com